Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Judith Quinones,<br><br>　　　　Plaintiff,<br>　v.<br><br>Hillside Physical Therapy, Inc.,<br><br>　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

Plaintiff Judith Quinones ("Plaintiff") alleges the following:

## INTRODUCTION

Plaintiff brings this action against Defendant Hillside Physical Therapy, Inc. ("Hillside") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability and service animal and denying Plaintiff equal access to the Hillside Physical Therapy located at 1434 Foothill Boulevard in La Canada Flintridge, California ("Hillside Physical Therapy").

## PARTIES

1. Plaintiff is a natural person. Plaintiff is and has been considered disabled.

2. Hillside is a California corporation with its principal address in La Canada Flintridge, California. At all times relevant to this complaint, Hillside owned, managed,

operated, and/or was otherwise responsible for Hillside Physical Therapy.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq.

4. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Hillside Physical Therapy is in this district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

6. Plaintiff is disabled. Plaintiff suffers from anxiety and post-traumatic stress disorder (PTSD). Plaintiff's disabilities have been diagnosed by a healthcare provider.

7. Plaintiff utilizes a service dog.

8. Plaintiff's service dog is specifically trained to detect the signs of Plaintiff's anxiety and PTSD; prevent strangers from approaching Plaintiff; calming Plaintiff through distraction techniques; deep pressure therapy; and grounding techniques. These activities help Plaintiff manage her symptoms and feel more comfortable and safer in public settings.

9. By providing support and assistance, Plaintiff's service dog greatly improves her quality of life and gives her far more independence than she would have alone.

10. On March 6, 2023, Plaintiff personally visited the Hillside Physical Therapy located at 1434 Foothill Boulevard in La Canada Flintridge, California. Plaintiff visited the office for a scheduled physical therapy appointment.

11. Plaintiff, as is customary, brought her trained service animal to her physical therapy appointment.

12. However, without any justification, Plaintiff's physical therapist bluntly told Plaintiff that he would not treat her as long as Plaintiff's service dog was with her at the office.

13. Hillside's employee instructed Plaintiff to either come back without her service dog, or to bring someone to watch Plaintiff's service dog during her appointment. Neither option was acceptable to Plaintiff.

14. Hillside's employee attempted to justify his discrimination on the fact that the physical therapy office is a "health facility" and that Plaintiff's service dog could not be around other patients. This ignores the fact that Plaintiff's service dog is specifically trained to stay by Plaintiff's side, and that Plaintiff tethered her service animal to her treatment table upon her arrival at the facility.

15. At all times at the facility, Hillside's employee was aware that Plaintiff's dog was a trained service animal because Plaintiff told him so.

16. Despite Plaintiff's attempts to educate the employee, Hillside's employee belittled Plaintiff and told her that "anyone" can obtain a service dog.

17. For a person with PTSD and anxiety, having a service dog can be a crucial part of their treatment plan. Service dogs can provide a sense of safety and security, as well as emotional support and physical assistance. In a physical therapist's office, where a person with PTSD and anxiety may be particularly vulnerable and triggered, having their service dog present can help prevent strangers from approaching them and help them stay grounded and focused during their treatment. Additionally, a service dog can be trained to detect the signs of anxiety and PTSD, providing early warning to the person and potentially preventing a panic attack. Allowing a person with PTSD and anxiety to have their service dog during physical therapy treatment can improve their overall experience and help them achieve better outcomes.

18. Plaintiff would like to return to Hillside Physical Therapy for follow-up treatment once Hillside ceases its illegal and discriminatory conduct.

19. The office is conveniently located near Plaintiff's work, and she would like

to return for more treatments. Plaintiff has been treated at Hillside Physical Therapy without incident in the past.

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

20. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

21. Title III of the ADA bans disability discrimination against an individual in places of public accommodation.

22. The Hillside Physical Therapy is a public accommodation.

23. The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

24. Hillside has a policy that restricts and denies access to persons like Plaintiff.

25. Hillside's conduct knowingly and willfully excluded Plaintiff from equal access to the public accommodation.

26. As a result of Hillside's conduct, denying Plaintiff equal access to the Hillside Physical Therapy, Plaintiff faces continuing discrimination. Plaintiff continues to suffer denial of access and faces the prospect of unpleasant and discriminatory treatment should Plaintiff attempt to return to the Hillside Physical Therapy.

27. It is readily achievable for Hillside to provide Plaintiff and other disabled people like Plaintiff full and equal access to the Hillside Physical Therapy.

28. Hillside does not have any legitimate business justification to excuse the denial of Plaintiff's equal access.

29. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a disabled

person for purposes of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing Plaintiff will be subjected to such discrimination each time that Plaintiff may use the property and premises, visit, or attempt to patronize the Hillside Physical Therapy, in light of Hillside's conduct.

30. Hillside's acts have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

31. Plaintiff seeks injunctive relief as to Hillside's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons. Further, Plaintiff seeks an award of reasonable statutory attorney fees, litigation expenses, and costs.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

32. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

33. Hillside intentionally discriminated against Plaintiff, denying Plaintiff full and equal access to the Hillside Physical Therapy.

34. Hillside Physical Therapy is a business establishment.

35. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

36. Hillside's acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

37. Plaintiff was harmed.

38. Hillside's conduct was a substantial factor in causing Plaintiff's harm.

39. Hillside's conduct violated the ADA.

40. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

41. Plaintiff also seeks to enjoin Hillside from violating disabled persons' rights.

## **PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief enjoining Hillside from engaging in unlawful discrimination against disabled persons with service animals when visiting the Hillside Physical Therapy, including, specifically, enjoining its policy of denying access to persons with service animals access to the Hillside Physical Therapy without performing a good faith assessment of the reasonableness of modifying it policies to accommodate such disabled person; in addition injunctive relief compelling Hillside to establish and follow, in good faith, a policy to conduct a good faith assessment when evaluating a visitor with a service animal and/or other such injunctive relief as the deems appropriate;

2. Damages of no less than $25,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, Code of Civil Procedure section 1021.5, and/or other statute(s), expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: April 21, 2023                    Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff